AE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE GROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03 C 9465 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| TOWN OF CICERO; BETTY LOREN-MALTESE, | ) | |
| former President of the Town of Cicero; | ) | |
| RAMIRO GONZALEZ, President of the Town | ) | |
| of Cicero; and EDWARD VRDOLYAK, individually. | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| RHONDA GROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 04 C 0489 ✓ |
| TOWN OF CICERO; BETTY LOREN-MALTESE, | ) | |
| former President of the Town of Cicero, in her official | ) | |
| and individual capacity; THOMAS ROWAN, former | ) | |
| Chief of Police, in his official and individual capacity; | ) | |
| CHIEF OF POLICE WAYNE JOHNSON, | ) | |
| in his official and individual capacity; and | ) | |
| JERALD RODISH, in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In December 2003, Plaintiff, Clarence Gross, filed suit against Defendants, the Town of Cicero, Betty Loren-Maltese, Ramiro Gonzalez, and Edward Vrdolyak, alleging violations of Clarence's First Amendment and Equal Protection rights. Clarence alleges he was discriminated and retaliated against for complaining about sexual harassment and retaliation directed at his

1

daughter and for his willingness to tell the truth and testify in a pending civil action against the Town of Cicero. The Town of Cicero filed a Counterclaim against Clarence, alleging unjust enrichment and breach of fiduciary duty.

In January 2004, Plaintiff, Rhonda Gross, filed suit against Defendants, the Town of Cicero, Betty Loren-Maltese, Thomas Rowan, Chief Wayne Johnson, and Jerald Rodish, alleging violations of Rhonda's First Amendment and Equal Protection rights, sexual harassment and discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, Title VII, 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991, Civil Rights Act of 1866, 42 U.S.C. § 1983 and § 1988, 28 U.S.C. § 2201 *et seq.*, and a state law claim for intentional infliction of emotional distress. Rhonda alleges that she was subjected to sexual harassment, gender discrimination, and retaliation while a police officer for the Town of Cicero.

Plaintiff has moved to consolidate the two cases for trial, contending that a consolidated trial would further judicial economy and efficiency because both cases involve the same witnesses, have a great degree of overlap of the facts, and the legal claims and issues overlap. Defendants oppose consolidation, contending Plaintiff's motion is untimely and that the two cases are vastly different.

Actions involving common questions of law or fact may be consolidated for trial to promote convenience and judicial economy. Fed. R. Civ. P. 42(a); *Midwest Comm. Council, Inc. v. Chicago Park Dist.*, 98 F.R.D. 491, 499 (N.D. Ill. 1983) (*Midwest*). It is within the court's discretion to consolidate actions for trial; if the two actions are of like nature and relative to the same question, if a joint trial would avoid unnecessary delay and costs, if it is reasonable to try the cases together, and if no party will be prejudiced by a joint trial. *See Midwest*, 98 F.R.D. at 499.

Here, Plaintiff filed her motion to consolidate the two cases less than a month before trial was scheduled to begin and after the date the Court ordered such a motion to be filed. Thus, Plaintiff's motion is untimely. More importantly, a review of the two cases demonstrates that consolidation would not promote convenience and judicial economy.

The allegations of each of the two cases are fully set forth in the Court's previous Memorandum Opinion and Orders addressing motions to dismiss filed in each of the two cases and are not repeated here. While both cases will have some common witnesses and issues, the two claims are not similar enough to consolidate for trial.

Clarence's claims are based on allegations that he was retaliated against for speaking out about his daughter's alleged sexual harassment and his willingness to testify in a separate case involving the Town of Cicero. Clarence was not a Town of Cicero Police Officer at the time, and his allegations are not related to the police department. Clarence's willingness to testify in another case also is unrelated in all respects to Rhonda's claims. In addition, the Town of Cicero filed a Counterclaim against Clarence, alleging, in part, that Clarence breached his fiduciary duty by hiring as many as twenty-five unqualified police officers. The Counterclaim is unrelated to Rhonda's claims. These different claims will require several witnesses and legal issues not related to Rhonda's claims.

In contrast, Rhonda's claims center on her treatment within the police department, including alleged harassment, failure of the police department to act, and alleged retaliation. These allegations are not related to Clarence's claims and will require several witnesses and legal issues not related to Clarence's claims.

Furthermore, consolidation of the cases would create conflicts for counsel. Defendant Rodish in the Rhonda case is represented by Nick Geanopoulos of the Vrdolyak Law Firm. Vrdolyak is a defendant in the Clarence case. If the cases were consolidated, Geanopoulos would be acting as counsel for Rodish in the same matter in which Vrdolyak is a defendant at trial.

Based on the above, consolidation of the cases would not promote convenience and judicial economy. Plaintiff's Motion to Consolidate is denied.

Dated: September 13, 2005

JOHN W. DARRAH
United States District Judge

4