UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHONDA GROSS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TOWN OF CICERO; BETTY LOREN-MALTESE, ) <br> former President of the Town of Cicero, in her official ) <br> and individual capacity; THOMAS ROWAN, former ) <br> Chief of Police, in his official and individual capacity; ) <br> CHIEF OF POLICE WAYNE JOHNSON, ) <br> in his official and individual capacity; and ) <br> JERALD RODISH, in his individual capacity, ) <br> ) <br> Defendants. ) | No. 04 C 0489 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court is Defendants' Motion for an Order to Show Cause and to Bar Plaintiff's Expert Witness.

On December 2, 2004, by agreement of the parties, discovery was ordered closed on April 30, 2005, and trial scheduled for September 12, 2005. On May 26, 2005, Defendants' Joint Motion to Modify the Discovery Schedule was granted and discovery was extended to August 12, 2005. On August 9, 2005, the Court, with the agreement of the parties, altered certain discovery dates, including that Plaintiff's expert witness' report was to be produced by September 22, 2005, and the expert's deposition was to take place on or before August 31, 2005. Later that same day, Plaintiff filed an emergency motion to reset the just agreed to discovery schedule because Plaintiff's expert would not be able to produce her report by August 22, 2005. On August 22, 2005, the Court granted Plaintiff's emergency motion and allowed Plaintiff until September 5, 2005 to produce her expert

witness' report and until September 12, 2005 for the expert's deposition. The trial was also rescheduled to October 3, 2005 to accommodate Plaintiff's discovery extension request.

Despite Plaintiff's representation that she could not produce her expert's report by August 22, 2005, Plaintiff did produce some materials purporting to be her expert's report on August 22, 2005. However, the report did not include any supporting materials, contained no factual basis to support the expert's conclusions, and failed to provide the testing materials for tests that were identified as being administered to Plaintiff on July 22 and 23, 2005. Plaintiff also informed Defendants that her expert was only available to be deposed on September 9, 2005.

On August 24, 2005, Defendants requested that Plaintiff produce all tests, test questions, Plaintiff's answers, scoring scales, test reports, and computer analyses of Plaintiff's responses to each test or scale administered to Plaintiff. Plaintiff did not respond to the request. On September 6, 2005, Plaintiff started sending Plaintiff's "supplemental" expert report and supporting materials to Defendants via facsimile. Over the course of the day, Defendants received sections of the expert's report, which amounted to over eighty pages. Certain pages received were completely or partially illegible. After receiving complaints from Defendants, Plaintiff attempted to e-mail the documents. Certain pages remained completely or partially illegible because Plaintiff's own copy was illegible. Plaintiff's expert's supplemental report was vastly different from the initial report, including a change in Plaintiff's diagnosis and an increase in the report from one-and-one-half pages in length to almost thirty pages in length. Plaintiff also indicated that Plaintiff would respond to the request of testing materials by having her expert forward the raw testing data directly to Defendants' experts. As of September 8, 2005, no material was received by Defendants' experts.

The morning of September 8, 2005, Defendants confirmed Plaintiff's expert's deposition would proceed the morning of September 9, 2005. That same day, Plaintiff attempted to have the raw data delivered to Defendants' experts via Federal Express. The documents arrived at approximately noon on September 8, 2005; however, the documents were deemed "undeliverable" and were not delivered to the Defendants' experts. At approximately 12:30 p.m. on September 8, 2005, Defendants sent an e-mail to Plaintiff's counsel notifying her that the deposition was being cancelled because the test results had not been received. The raw data was delivered to Defendants at approximately 12:00 noon on September 9, 2005, three hours after Plaintiff's expert's deposition was scheduled to begin.

## ANALYSIS

Federal Rule of Civil Procedure 37(b)(2) provides, in pertinent part:

> If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> * * *
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the party from introducing designated matters in evidence.
>
> * * *
>
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

Furthermore, the Court has inherent power to "fashion ... appropriate sanction[s] for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (*Chambers*). This inherent power must be exercised with restraint and discretion. *See Chambers*, 501 U.S. at 44.

3

Defendants seek to bar Plaintiff's expert from testifying at trial for Plaintiff's failure to comply with the Court's Order. Plaintiff argues that sanctions are not appropriate because she has complied with the Court's Orders and because the only reason Defendants' expert did not receive the raw data on September 8, 2005, was because it was "undeliverable" by Federal Express. The above facts demonstrate that Plaintiff has not complied with the Court's Order as to the production of expert reports by the dates set by Order of the Court. This failure to comply occurred even after the Court granted Plaintiff additional time to produce such materials after she had just agreed to a different time table. Furthermore, even if the raw materials had been deliverable on September 8, 2005, Plaintiff still would have been in violation of the Court's Order that they be produced by September 5, 2005.[1] Accordingly, the sanction of prohibiting the Plaintiff's expert from testifying at trial is appropriate. *See Equal Employment Opportunity Comm'n v. Kenosha Unified Sch. Dist. No. 1*, 620 F.2d 1220, 1226 (7th Cir. 1980) (precluding testimony is a permissible sanction for a party's failure to comply with court orders).

Plaintiff also argues that Illinois law and APA ethics prohibit Plaintiff's expert from releasing the raw data to directly to Defendants; therefore, the materials had to be produced directly to the Defendants' experts. Plaintiff had not previously informed the Court that production of the materials requested might not be possible due to Illinois law or APA ethical restraints, as she now contends. Furthermore, Plaintiff's inability to produce the materials directly to Defendants does not excuse Plaintiff's failure to produce the documents to Defendants' experts after the date set forth in the Court's Order.

---

[1] Plaintiff claims that the report was to be produced on September 6, 2005 because September 5, 2005, the date the Court ordered production, was Labor Day, a court holiday.

4

Defendants also seek to a Rule to Show Cause issue why Plaintiff not be held in contempt for her failure to comply with the Court's Order. Holding Plaintiff in contempt for failing to comply with the Court's Order is not an appropriate sanction as Plaintiff has failed to comply with the Court's deadlines that have since past. *See Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 207 (1999) (civil contempt is designed to force compliance with a court order and acts prospectively).

## CONCLUSION

For the foregoing reasons, Defendants' Motion for an Order to Show Cause is denied and Defendants' Motion to Bar Plaintiff's Expert Witness is granted.

Dated: September 20 2005

JOHN W. DARRAH
United States District Judge