AE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHONDA GROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| TOWN OF CICERO; BETTY LOREN-MALTESE, ) | No. 04 C 0489 |
| former President of the Town of Cicero, in her official ) | |
| and individual capacity; THOMAS ROWAN, former ) | |
| Chief of Police, in his official and individual capacity; ) | Judge John W. Darrah |
| CHIEF OF POLICE WAYNE JOHNSON, ) | |
| in his official and individual capacity; and ) | |
| JERALD RODISH, in his individual capacity, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court are: Defendants' Emergency Motion to Strike Plaintiff's Amended and Supplemental Rule 26(a) Disclosures, Defendants' Emergency Motion to Bar Certain Documents and Related Evidence for Plaintiff's Discovery Violations, Defendants' Motion for Leave to Serve Experts' Reports, Plaintiff's Motion to Bar Defendants' Experts, and Plaintiff's Motion for Reconsideration.

On December 2, 2004, by agreement of the parties, discovery was ordered closed on April 30, 2005, and trial scheduled for September 12, 2005. In July 2004, Plaintiff served her Rule 26 disclosures, identifying twenty-three witnesses. On May 26, 2005, Defendants' Joint Motion to Modify the Discovery Schedule was granted; and discovery was extended to August 12, 2005. On August 8, 2005, Plaintiff served "Amended Rule 26 Disclosures," naming 135 new witnesses.

On August 9, 2005, the Court, with the agreement of the parties, altered certain discovery dates, including that Plaintiff's expert witness's report was to be produced by September 22, 2005,

and the expert's deposition was to take place on or before August 31, 2005. Later that same day, Plaintiff filed an emergency motion to reset the just-agreed-to discovery schedule because Plaintiff's expert would not be able to produce her report by August 22, 2005. On August 22, 2005, the Court granted Plaintiff's emergency motion and allowed Plaintiff until September 5, 2005, to produce her expert witness's report and until September 12, 2005, for the expert's deposition. Defendants' experts' reports were to be produced on or before September 12, 2005; and the Defendants' experts' depositions were to take place on or before September 16, 2005. The trial was also rescheduled to October 3, 2005, to accommodate Plaintiff's discovery extension request.

On August 26, 2005, Plaintiff faxed a letter to Defendants' counsel, indicating, for the first time, that certain documents were available to be copied. These documents included: (1) documents received from the Illinois State Police for Jerold Rodish; (2) public record documents regarding Rodish's criminal history; (3) Plaintiff's journal because Plaintiff was providing the journal to Plaintiff's expert (previously, Plaintiff refused to produce the diary, claiming it was privileged because it was kept only for counsel's benefit); and (4) documents recently obtained from third-party witnesses.

On September 8, 2005, Defendants moved to bar Plaintiff's expert witness for Plaintiff's failure to comply with the Court's orders for the production of Plaintiff's expert's report. Alternatively, Defendants sought additional time to produce Defendants' expert witnesses' reports and depositions because Defendants' experts had not received Plaintiff's expert's report in time to meet to complete their reports in the previously established schedule. On September 13, 2005, Defendants' Motion to Bar Plaintiff's Expert was granted. At that time, the Court did not address Defendants' request for additional time to produce their experts' reports.

On September 16, 2005, Plaintiff produced a Second Supplemental Rule 26(a)(1) Disclosures. This supplement included five new witnesses. Subsequently, Plaintiff tendered her draft Final Pretrial Order to Defendants. On Plaintiff's proposed will-call list of witnesses, Plaintiff lists 31 witnesses – 10 of which were disclosed in the August 8, 2005 Amended Rule 26(a) Disclosures, one of which was disclosed in the September 16, 2005 supplement, and one which was never disclosed. Of the 33 witnesses on Plaintiff's may-call list, 22 were not disclosed until August 8, 2005.

### Defendants' Emergency Motion to Strike Plaintiff's Amended and Supplemental Rule 26(A) Disclosures

Federal Rule of Civil Procedure 26(e) imposes a duty on a party to supplement their disclosures to reveal incomplete or incorrect information to an opposing party. Fed. R. Civ. R. 26(e)(1). It is implicit in the Rule that the supplementation be timely. *See Pierson v. Kraucunas*, 2002 WL 734245 (W.D. Wis. Feb. 20, 2002).

Federal Rule of Civil Procedure 37(c)(1) enforces the requirements of Rule 26. Rule 37(c)(1) provides, in pertinent part: "[a] party that without substantial justification fails to disclose information required by . . . Rule 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (*David*) (quoting *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). Factors to guide the court in its discretion include: (1) the surprise or prejudice to the party against whom the evidence is offered, (2) the ability of the party

3

to cure any prejudice, (3) the likelihood of disruption at trial, and (4) the bad faith or willfulness in not disclosing the evidence at an earlier date. *See David*, 324 F.3d at 857.

Defendants seek to strike Plaintiff's Amended Rule 26(a) Disclosures. This amendment was filed on August 8, 2005, before discovery had been ordered closed by the Court. While the amendment increased the number of individuals likely to have information, most of these witnesses had been previously disclosed by the Plaintiff or known by the Defendants.

Plaintiff's Supplemental Rule 26(a) Disclosures were filed on September 16, 2005, *after* discovery had been ordered closed by the Court. Plaintiff contends that the Supplemental Rule 26(a) Disclosures were made after discovery had closed because they are based on evidence that was not discovered until September 2, 2005, the date of Former Chief of Staff and Town Attorney Dennis Both's deposition. In light of the minimal changes between the Amended and Supplemental Rule 26(a) Disclosures, the lack of any identified prejudice and disruption at trial and the lack of evidence of bad faith or willfulness in not disclosing the evidence at an earlier time, Defendants' Emergency Motion to Strike Plaintiff's Amended and Supplemental Rule 26(a) Disclosures is denied.

### Defendants' Emergency Motion to Bar Certain Documents and Related Evidence for Plaintiff's Discovery Violations

Defendants seek to bar Plaintiff from using certain documents that were produced on August 26, 2005. These documents include: (1) documents received from the Illinois State Police for Jerold Rodish; (2) public record documents regarding Rodish's criminal history; (3) Plaintiff's journal because Plaintiff was providing the journal to Plaintiff's expert (previously, Plaintiff refused

4

to produce the diary, claiming it was privileged because it was kept only for counsel's benefit); and (4) documents recently obtained from third-party witnesses.

Plaintiff's August 26, 2005 documents were produced after discovery had closed. Defendants contend that they did not have access to the documents, including those related to Rodish's criminal history. However, Rodish is a Defendant in the instant case and would be aware of his own criminal history. Furthermore, some of the documents were public record documents and were produced through Freedom of Information Requests.

Defendants also seek to bar Plaintiff's journal. Defendants were aware of Plaintiff's journal but were not provided the journal earlier because Plaintiff previously refused to produce the journal, arguing that it was privileged because Plaintiff only kept it for her counsel's benefit. Plaintiff also refused to answer questions about the journal during her deposition. Plaintiff now belatedly produced the journal, indicating that any attorney-client privilege had been waived because the journal was provided to Plaintiff's expert.

Defendants were not previously provided Plaintiff's journal and were not allowed to question Plaintiff about the journal during her deposition. Plaintiff's belated decision to provide the journal prevents Defendants from questing Plaintiff about the journal. Allowing Plaintiff to use the journal at trial would be prejudicial to Defendants. Accordingly, Plaintiff is barred from using the journal at trial.

Plaintiff also produced "documents recently obtained from third party witnesses." These documents were untimely produced, and there is no indication that the documents were previously known to the Defendants or that they were public documents. Accordingly, these documents are barred.

Based on the above, Defendants' Emergency Motion to Bar Certain Documents and Related Evidence for Plaintiff's Discovery Violations is granted in part and denied in part, as set forth above.

## Defendants' Motion for Leave to Serve Experts' Reports

Defendants seek leave to file their experts' reports after the September 12, 2005 deadline. Defendants produced their experts' reports on September 13 and 16, 2005. Defendants argue that the reports could not be produced prior to that time because Plaintiff's expert's report was late. Plaintiff argues that Defendants should not be allowed to produce their reports late just as she was unable to produce her report late. However, Defendants sought an extension of time to file their experts' reports prior to the time that such reports were due. Defendants sought leave prior to their deadlines to file their experts reports and were unable to meet their deadlines only because Plaintiff's expert's report was late. Defendants filed the instant motion after their disclosure deadlines had passed because the Court did not address this issue at the time it disposed of the previous motion (which, *inter alia*, sought such relief). Unlike Plaintiff, Defendants timely moved to file their experts' reports through leave of Court instead of simply not following the Court's orders.

Based on the above, Defendants are granted leave to serve their experts' reports provided that the depositions of the Defendants' experts are taken on or before October 5, 2005.

## Plaintiff's Motion to Bar Defendants' Experts

Plaintiff seeks to bar Defendants' experts' reports for failing to comply with the Court's order. As discussed above, the Defendants timely moved for an extension of time to serve their experts' reports as to not violate the Court's order. Accordingly, Plaintiff's Motion to Bar Defendants' Experts is denied.

## Plaintiff's Motion for Reconsideration

Plaintiff also seeks reconsideration of the Court's order barring Plaintiff's expert's report. Motions for reconsideration serve a limited function of correcting clear errors of law or fact or to present newly discovered evidence which could not have been adduced during the pendency of the underlying motion. *See United States v. Dombrowski*, 1994 WL 577259 (N.D. Ill. Oct. 18, 1994) (*Dombrowski*).

Plaintiff's motion asks the Court to re-evaluate its previous ruling. Plaintiff fails to identify any clear error of law or fact and fails to present newly discovered evidence. Accordingly, Plaintiff's Motion to Reconsider is denied.

## CONCLUSION

For the foregoing reasons, Defendants' Emergency Motion to Strike Plaintiff's Amended and Supplemental Rule 26(a) Disclosures is denied; Defendants' Emergency Motion to Bar Certain Documents and Related Evidence for Plaintiff's Discovery Violations is granted in part and denied in part, as set forth above; Defendants' Motion for Leave to Serve Experts' Reports is granted, as set forth above; Plaintiff's Motion to Bar Defendants' Experts is denied; and Plaintiff's Motion for Reconsideration is denied.

Dated: September 28, 2005

JOHN W. DARRAH
United States District Judge